UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DON H. JOHNSON ET AL. | CIVIL ACTION |
| VERSUS | NO: 06-0035 |
| BOBBY E. GUIMBELLOT ET AL. | SECTION: "S" (5) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand is **GRANTED**, and the case is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana. (Document #5.)

### I. BACKGROUND

The disposition of this case is aided by a review of the history of litigation among the parties. On October 25, 2002, Elodie Anne F. Rowell and Danelle Heathman-Smith, individually and on behalf of the minor child, Macyn Heathman, and others similarly situated filed a "Petition for Damages and Recognition as Class Action"[1] in Civil District Court for the Parish of Orleans against Houma Building Partnership, Manna Properties of Houma, L.L.C.,

---

[1] Subsequent to the filing of the petition, Don Johnson and the law firm of Johnson & Placke, L.L.P. became co-counsel in the litigation. Tomeca Wright is a paralegal employed by the Johnson & Placke law firm.

Michel Claudet, and Ad-Val, Inc.  The plaintiffs alleged that, through the negligence of the owners or former owners, they were subjected to fungal substances such as mold and mold spores that affected their health.

On May 7, 2004, Guimbellot and Zodun filed a complaint in federal court against Rowell, Heathman-Smith, Johnson, Wright, Mullins, Cecil Deskins, Johnson & Placke, L.L.P., The Law Firm of Alwyn Luckey, P.A. and John and Jane Does 1-70 (unknown clients of Johnson and Mullins), alleging that the defendants engaged in a campaign to defame them, interfere with their lease contracts with their tenants, and deprive them of their constitutional rights of due process in obtaining the court order to enter the building.[2]  The court dismissed the § 1983 claims, pursuant to Rule 12(b)(6), and granted summary judgment in favor of the defendants on the defamation claims.

On December 2, 2005, Don H. Johnson, Tomeca H. Wright and Johnson & Placke, L.L.P. filed a petition for damages in Civil District Court for the Parish of Orleans, State of Louisiana, against Gregg L. Spyridon; John M. Herke; Spyridon, Koch, Palermo & Doman, L.L.C.; Bobby E. Guimbellot, and Yvonne Zodun.  The plaintiffs allege that the defendants conspired to commit various wrongful acts, including malicious prosecution and defamation, while pursuing actions in state and federal court.  The plaintiffs further allege that the attorney defendants filed allegations in the litigation that amounted to a violation of Rule 11 of the Federal Rules of Civil Procedure and furthered the conspiracy to commit malicious prosecution and defamation.

---

[2] Bobby E. Guimbellot et al v. Elodie Ann Rowell et al., No. 04-1318.

The defendants removed the case to federal court based on federal question jurisdiction under Rule 11 and the All Writs Act.  The plaintiffs filed a motion to remand for lack of subject matter jurisdiction.

## II. DISCUSSION

### A. Legal standard

To determine whether a cause of action presents a federal question, the court examines the plaintiffs' well-pleaded complaint.  See Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003).  "Section 1331 confers federal jurisdiction in actions 'arising under the Constitution, laws, or treaties of the United States.'"  Port Drum Co. v. Umphrey, 852 F.2d 148, 149 (5th Cir. 1988).

### B. Rule 11 claim

The defendants contend that there is federal question jurisdiction because the instant dispute raises federal issues related to Rule 11, and federal courts have a significant interest in interpreting the procedural rules.  The defendants argue that the plaintiffs failed to seek sanctions under Rule 11 in the federal case and are trying to raise the issue in state court.

Rule 11 cannot form the basis of federal question jurisdiction.  "It is true that a federal rule of civil procedure has the force of a federal statute."  Port Drum, 852 F.2d at 149.  However, a federal rule, including Rule 11, is not a law in the sense of making a case arise under federal law, "but is instead a regulator of a party's proceedings once that party is in federal court pursuant to another, independent jurisdictional grant."  Id.  "The rules only implement the exercise of jurisdiction otherwise conferred by Congress and do not provide an independent

3

basis for parties without any other jurisdictional grant to get into federal court in the first place." Id. at 149-50.

Moreover, the plaintiffs do not seek Rule 11 sanctions or damages against the defendant attorneys for violations in the federal litigation initiated by Guimbellot and Zodun. Their allegation of a Rule 11 violation in the removed state court action is "simply a fact tending to show malice and reckless disregard for the truth, malice being an element of both defamation and malicious prosecution" claims under state law.

### C. The All Writs Act

The defendants contend that, under the All Writs Act, 28 U.S.C. § 1651, the court has federal jurisdiction to protect the integrity of its order stating that Guimbellot and Zodun had a right to sue the plaintiffs in this case in their own names.

The All Writs Act, 28 U.S.C. § 1651(a) provides:

> The Supreme Court and all court established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

"[T]he All Writs Act may authorize a federal court to issue orders as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." MSOF Corp. v. Exxon Corp., 295 F.3d 485, 492 (5th Cir. 2002) (citing United States v. New York Telephone, 98 S.Ct. 364, 372 (1977)). "The Act is not an independent grant of jurisdiction." Id.

Because the All Writs Act does not confer jurisdiction on federal courts, it cannot confer the original jurisdiction required to support the removal of the state court defamation and

malicious prosecution action.  See Syngenta Crop Protection, Inc. v. Henson, 123 S.Ct. 366, 370 (2002).  Moreover, the present state court action does not challenge the central integrity of the federal court judgment in Civil Action No. 04-1318.  See MSOF Corp. v. Exxon Corp., 295 F.2d 485, 492-93 (5th Cir. 2002) (holding that the case presents no circumstances to permit removal jurisdiction under the All Writs Act, "if indeed such removal jurisdiction is ever permitted.).

### III. CONCLUSION

Neither Rule 11 nor the All Writs Act can form the basis of federal question jurisdiction.  Accordingly, there is no independent basis for federal question jurisdiction, and the motion to remand the case to is granted.

New Orleans, Louisiana, this  8th  day of March, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**